**SUNRAY MID-CONTINENT OIL COM-PANY, Petitioner,**

v.

**FEDERAL POWER COMMISSION, Respondent.**

No. 5968.

United States Court of Appeals Tenth Circuit.

May 27, 1959.

James C. Denton, Jr., Tulsa, Okl. (M. Darwin Kirk, Tulsa, Okl., and Dale E. Doty, Washington, D. C., with him on the brief), for petitioner.

Howard E. Wahrenbrock, Sol., Washington, D. C. (Willard W. Gatchell, Gen. Counsel, Robert L. Russell, Asst. Gen. Counsel, and Lloyd E. Dietrich, Atty., Federal Power Commission, Washington, D. C., with him on the brief), for respondent.

Before BRATTON, Chief Judge, PICKETT, Circuit Judge, and KNOUS, United States District Judge.

PICKETT, Circuit Judge.

Sunray Mid-Continent Oil Company, an independent producer of natural gas, entered into a contract with United Gas Pipe Line Company wherein it was agreed that Sunray would sell to United quantities of natural gas over a period of 20 years. Pursuant to Section 7(c) of the Natural Gas Act (15 U.S.C.A. § 717f (c), Sunray applied to the Federal Power Commission for a certificate of public convenience and necessity authorizing the sale covered by the contract "to the extent, and only to the extent, that such gas is transported in interstate commerce for resale for the remainder of the term of said contract and as it may be renewed or extended, and that said certificate provide for its own expiration on the expiration of the said contract term so as to authorize Applicant to cease the delivery and sale of gas thereunder at that time."

The trial examiner denied Sunray's request that the certificate be coextensive with the term of the contract, and directed the issuance of a certificate without time limitation. The Commission affirmed the examiner with respect to the issue here.

Sunray's petition to review and modify the order alleges numerous errors, all of which are directed to the refusal of the Commission to limit the certificate to the term of the contract. Sunray contends that the Commission was without authority to issue a certificate requiring the sale of larger quantities of gas over a longer period of time than required under the contract, without any evidence and a finding that public convenience and necessity so required, and that the Commission's action amounted to a rewriting of the contract.

We think the question here presented was determined by this Court in a former proceeding involving substantially identical facts. Sunray Mid-Continent Oil Company v. Federal Power Commission, 10 Cir., 239 F.2d 97, 100. In the former case the Commission had held that under the provisions of Section 7(b) of the Natural Gas Act (15 U.S.C.A. § 717f(b) relating to abandonment of service, it was without authority to issue a certificate of public convenience and necessity for a limited duration. We held that while the Commission has authority under Section 7(c) and (e) to issue certificates of limited duration under proper circumstances, it is not bound by the time limitations contained in applications, and the order was affirmed because there had been no showing that such conditioning circumstances existed.[1] The Supreme Court reversed, 353 U.S. 944, 77 S.Ct. 792, 1 L.Ed.2d 794, not upon the merits of the case, but for the reason that the jurisdiction of the Court of Appeals was exhausted when it held that the Commission had authority to issue certificates of limited duration, and therefore no power remained to determine whether the applicant was entitled to such a limited certificate. It was ordered that the case be remanded to the Commission for determination of that question.

In this case there was a hearing which afforded an opportunity to show that the circumstances warranted the issuance of a limited certificate, but no such showing was made. The real issue, then, is whether a natural gas company may provide for the cessation of its service on a specified future date simply by contracting to sell gas only until that date, or whether, in that situation, the service may be suspended only in a proceeding initiated under Section 7(b) of the Act.[2] We agree with the disposition of that question in the former case, where it was said:

"In order to contend otherwise the petitioner must necessarily argue that the Commission is bound by the limitations contained in applications and can grant certificates only in conformity with the petitions. If this interpretation of Section 7(e) were correct the purpose of the Natural Gas Act would be defeated as the applicants could practically dictate the terms and conditions of each certificate issued by the Commission.

---

1. In regard to this, the court said:
  "We conclude, therefore, that in a proper case the Commission may grant certificates of convenience and necessity for periods of limited duration. In some cases, legal, physical, financial or other factors may be shown to exist which warrant conditioning certificates as to time. Petitioner here has made no such showing nor does it claim the ability to so show." (Footnote omitted.)

2. Section 7(b) reads:
  "No natural-gas company shall abandon all or any portion of its facilities subject to the jurisdiction of the Commission, or any service rendered by means of such facilities, without the permission and approval of the Commission first had and obtained, after due hearing, and a finding by the Commission that the available supply of natural gas is depleted to the extent that the continuance of service is unwarranted, or that the present or future public convenience or necessity permit such abandonment."

Applicants have no such rights. A natural gas company, once having entered a field of business affected with a public interest, must submit to those regulations which Congress deems necessary to protect the public. As stated by this court in Colorado Interstate Gas Co. v. Federal Power Commission, supra [10 Cir., 142 F.2d 943], the primary purpose of the Natural Gas Act is to provide comprehensive regulation of wholesale distribution to public service companies of natural gas moving interstate, and to authorize the Federal Power Commission to exercise such regulations. If the Commission is to have the power to protect the public against the exploitation of natural resources within the scope of the Act at the hands of natural gas companies, as indicated by the United States Supreme Court in Federal Power Commission v. Hope Natural Gas Co., 320 U.S. 591, 64 S.Ct. 281, 88 L.Ed. 333, it can only do so by controlling not only the initiation of transportation in interstate commerce but also controlling the cessation of such service. No single factor in the Commission's duty to protect the public can be more important to the public than the continuity of service furnished. Congress has entrusted to the Commission the means and responsibility of achieving the statutory policy of providing for the protection of the ultimate consumers of natural gas and has given it broad powers to order a natural gas company to extend its facilities, to establish physical connections, and to sell to persons engaged in distribution to the public. 15 U.S.C.A. § 717f(a); Illinois Natural Gas Co. v. Central Illinois Public Service Co., 314 U.S. 498, 62 S.Ct. 384, 86 L.Ed. 371. Each of these powers is directly concerned, among other things, with providing the public adequate, reasonable, and continuous service. Each one of these powers would be a useless one if the natural gas companies could set, at the initiation of their public service, the date at which they would withdraw, abandon or cease their service."

Affirmed.