UNITED GAS IMPROVEMENT COMPANY, Petitioner,

v.

FEDERAL POWER COMMISSION, Respondent.

No. 18113.

United States Court of Appeals, Fifth Circuit.

Feb. 22, 1961.

Rehearing Denied April 25, 1961

Certiorari Denied June 19, 1961.

See 81 S.Ct. 1926.

John R. Brown, Circuit Judge, dissented.

For dissenting opinion see 290 F.2d 133.

**148**

J. David Mann, Jr., John E. Holt-zinger, Washington, D. C., William E. Zeiter, Philadelphia, Pa., Morgan, Lewis & Bockius, Philadelphia, Pa., and Washington, D. C., of counsel, for United Gas Improvement Co., petitioner.

John C. Mason, Gen. Counsel, F. P. C., Washington, D. C., Howard E. Wahrenbrock, Sol., F. P. C., Washington, D. C., Robert L. Russell, Asst. Gen. Counsel, David J. Bardin, Washington, D. C., Attorney, for Federal Power Commission, respondent.

Kent H. Brown, Gen. Counsel, Pub. Service Comm. of N. Y., Albany, N. Y., Martin L. Barr, Barbara M. Suchow, New York City, of counsel, for Public Service Commission of New York, applicant for intervention.

F. P. Jones, Jr., H. W. Varner, Houston, Tex., for Superior Oil Co., intervenor.

James B. Henderson, William N. Bonner, Houston, Tex., Richard J. Connor, John T. Miller, Jr., Thomas F. Brosnan, Washington, D. C., William N. Bonner, Jr., Houston, Tex., Gallagher, Connor & Boland, Washington, D. C., of counsel, for Transcontinental Gas Pipe Line Corp., intervenor.

Before TUTTLE, Chief Judge, and BROWN and WISDOM, Circuit Judges.

TUTTLE, Chief Judge.

The issue here presented is identical with that decided this same date in United Gas Improvement Co. v. F. P. C., No. 18,112, 290 F.2d 133, in this Court. We conclude that for the reasons set out in that case the Commission erred in issuing an unconditional permanent certificate to the Superior Oil Company and Transcontinental Gas Pipe Line Company in the consolidated proceedings with an initial price of 21.4 cents per Mcf plus 75% of any new taxes to be levied (no state taxes are applicable because this is a supply of off-shore gas beyond the state boundaries). The record does not disclose that the Commission gave "most careful scrutiny" and responded with "most responsible reaction" to the initial price proposals required by the Supreme Court in Atlantic Refining Co. v. Public Service Comm. of New York, 360 U.S. 378, 391, 79 S.Ct. 1246, 3 L.Ed.2d 1312 (popularly known as the CATCO case).

As we have pointed out in the companion case No. 18,112, the record makes it clear that the finding of public necessity and convenience here is based too strongly on the fact that arm's length dealing and the effect of supply and demand required Transco to agree to the disputed price, rather than that the price had any relation to what might ultimately be found to be a just and reasonable price.

The certificating of a price that, as the Commission here agrees would probably be collected for several years without possibility of refund of any excess sums, does not, we think, comport with the teaching of the Supreme Court in the Atlantic Refining Company case. See also United Gas Improvement Co. v. F. P. C., 9 Cir., 283 F.2d 817, and Public Service Comm. of New York v. F. P. C., D.C.Cir., 287 F.2d 146.

The order of the Commission is vacated and the proceedings remanded for further appropriate action.

JOHN R. BROWN, Circuit Judge.

I dissent.

For dissenting opinion see United Gas Improvement Co. v. Federal Power Commission, No. 18,112, 290 F.2d 138.