TEXACO, INC., Petitioner,

v.

FEDERAL POWER COMMISSION,
Respondent.

SUPERIOR OIL COMPANY, Petitioner,

v.

FEDERAL POWER COMMISSION,
Respondent.

SUN OIL COMPANY, Petitioner,

v.

FEDERAL POWER COMMISSION,
Respondent.

CONTINENTAL OIL COMPANY and
The Ohio Oil Company,
Petitioners,

v.

FEDERAL POWER COMMISSION,
Respondent.

PURE OIL COMPANY, Petitioner,

v.

FEDERAL POWER COMMISSION,
Respondent.

HUMBLE OIL & REFINING COMPANY,
Reynolds Mining Corporation, Three
States Natural Gas Company, Socony
Mobil Oil Company, Inc., Aztec Oil &
Gas Company, Petitioners,

v.

FEDERAL POWER COMMISSION,
Respondent.

DAVIS OIL COMPANY, Petitioner,

v.

FEDERAL POWER COMMISSION,
Respondent.

SHELL OIL COMPANY, Petitioner,

v.

FEDERAL POWER COMMISSION,
Respondent.

PHILLIPS PETROLEUM COMPANY,
Petitioner,

v.

FEDERAL POWER COMMISSION,
Respondent.

PEOPLE OF THE STATE OF CALI-
FORNIA, Petitioner,

v.

FEDERAL POWER COMMISSION,
Respondent.

Nos. 18349, 18354, 18357, 18364, 18366,
18379, 18394, 18398, 18542, 18543.

United States Court of Appeals
Fifth Circuit.

April 14, 1961.

Rehearing Denied June 1, 1961
in No. 18543.

Howard E. Wahrenbrock, Solicitor, John C. Mason, Gen. Counsel, Arthur H. Fribourg, Atty., Robert L. Russell, Asst.

Gen. Counsel, Washington, D. C., for respondent, Federal Power Commission.

Allen R. Grambling, El Paso, Tex., George D. Horning, Jr.* Washington, D. C., George F. Guy, Guy & Phelan, Cheyenne, Wyo., for Western Natural Gas Co. and El Paso Natural Gas Co. (intervenors in all ten cases).

Oliver L. Stone,* Geo. C. Schoenberger, Jr., New Orleans, La., Joseph W. Morris, Joseph C. Spalding, New York City, for Shell Oil Co. (petitioner in 18398 and intervenor in 18543).

Quilman B. Davis,* Dallas, Tex., for Aztec Oil and Gas Co. (petitioner in 18379).

William J. Zeman,* Rayburn L. Foster, H. K. Hudson,* Harry D. Turner, Kenneth Heady * James G. Williams, Jr., Bartlesville, Okl., for Phillips Petroleum Co. (petitioner in 18542).

John C. Snodgrass,* Palatine, Ill., for Davis Oil Co., in 18394 and The Pure Oil Co. (petitioner in 18366).

John E. McClure and Girard R. Jetton, Jr., Washington, D. C., for General Petroleum Corp. (not a party to cases on appeal).

Marvin Davis, Gen. Partner, Denver, Colo., for Davis Oil Co. (petitioner in 18394).

Jesse H. Foster, Jr., Tulsa, Okl., for The Carter Oil Co. (not a party to cases on appeal).

Bruce R. Merrill,* Lloyd F. Thanhouser, Thomas H. Burton,* Houston, Tex., for Continental Oil Co. (petitioner in 18364 and intervenor in 18543).

Robert E. May,* May, Shannon & Morley, Washington, D. C., John A. Ward, III,* Philadelphia, Pa., Martin A. Row,* Dallas, Tex., Francis H. Caskin, Washington, D. C., for Sun Oil Co. (petitioner in 18357).

James D. Parriott, Washington, D. C., Robert M. Vaughan,* Clayton L. Orn,* Findlay, Ohio, for The Ohio Oil Co. (petitioner in 18364 and intervenor in 18543).

Joe P. Hammond, Tulsa, Okl., William J. Grove, Carroll Gilliam, Washington, D. C., for Pan American Petroleum Corp. (not a party to cases on appeal).

Harry C. Welch, Leo J. Hoffman,* Turner, White, Atwood, McLane & Francis, Dallas, Tex., for Three State Natural Gas Co. (petitioner in 18379).

James D. Smullen,* Neal Powers, Jr., Butler, Binion, Rice & Cook, Houston, Tex., for Reynolds Mining Corp. (petitioner in 18379).

F. T. Anderson, in pro. per., for Petro-Atlas Corp. (not a party to cases on appeal).

Paul F. Schlicher,* New York City, Frank H. Strickler, Washington, D. C., Richard S. Lake,* Legal Dept., Texas Co. New Orleans, La., Alfred C. DeCrane, Jr.,* Legal Dept., Texaco, Inc., Houston, Tex., for Texaco, Inc. (petitioner in 18349 and intervenor in 18543).

F. P. Jones, Jr., Herbert W. Varner,* Houston, Tex., for Superior Oil Co. (petitioner in 18354 and intervenor in 18543).

Harry P. Letton, Jr.,* Henry F. Lippitt, II, T. J. Reynolds, Los Angeles, Cal. for Southern California Gas Co. (intervenor in all ten cases).

Milford Sringer, Robert M. Olson, Jr., Los Angeles, Cal., for Southern Counties Gas Co. of California (intervenor in all ten cases).

Rollin E. Woodbury, Harry W. Sturges, Jr., John.R. Bury, Los Angeles, Cal., for Southern California Edison Co. (not a party to cases on appeal).

C. Hayden Ames, Chickering & Gregory, San Francisco, Cal., for San Diego Gas and Electric Co. (not a party to cases on appeal).

Richard H. Peterson, F. T. Searls, Malcolm H. Furbush, San Francisco, Cal., for Pacific Gas and Electric Co. (intervenor in all ten cases, except in 18543).

Roger Arnebergh, City Atty., Los Angeles, Cal., for City of Los Angeles (not a party to cases on appeal).

* Counsel entering formal appearance.

William M. Bennett,* Public Utilities Commission of the State of California Commission of the State of California, San Francisco, Cal., for People of the State of California and California Utilities Commission (petitioner in 18543).

William J. Merrill,* George H. Lawrence, Humble Oil & Refining Co., Houston, Tex., Paul H. Long, Tulsa, Okl., for Humble Oil & Refining Co. (petitioner in 18379 and intervenor in 18543).

Roy L. Merrill,* William S. Richardson,* Ross Madole, Dallas, Tex., for Socony Mobil Oil Co., Inc. (petitioner in 18379).

Norman M. Littell, Washington, D. C., for Navajo Tribe of Indians (Amicus) in 18543.

Before TUTTLE, Chief Judge, and RIVES and JONES, Circuit Judges.

TUTTLE, Chief Judge.

These cases, consolidated for argument and to some extent for briefing in this court are brought to review an order of the Federal Power Commission. The order complained of granted to El Paso Natural Gas Company and to certain independent producers certificates of public convenience and necessity authorizing the construction and operation of pipeline and other facilities by El Paso and it authorized the sale of gas by the producers to El Paso at an initial price of 17.7 cents per Mcf. The original contracts between the producers and El Paso had provided for an initial price of 20 cents per Mcf. The order also, pursuant to the temporary authorizations which the Commission had previously issued and under which the producers were then operating, directed refunds by the producers to El Paso of amounts collected in excess of 17.7 cents per Mcf. and required payment of interest on the refunds at 6 percent.

The applications before the Commission were eighteen in number, one being by El Paso and the other seventeen being independent producers. The state of California intervened in the proceedings.

Fourteen of the independent producers and the State of California sought and were denied rehearing of the Commission's order. They are now parties to this petition for review. In addition, the Navajo tribe of Indians filed a brief as amicus curiae, claiming to have an interest to protect as owners of most of the land on which the producing leases lie. In general, the producers and the Navajo Indians contend that on the record before it there was no basis for the Commission to grant a conditional certificate and even if any condition was authorized, the Commission in any event had no authority to condition the certificate on the adoption of an initial price less than that contained in the schedule filed by the applicants. The State of California took the position that there was no basis for a finding of public convenience and necessity at the 17.7 cent rate and it argues here that no rate in excess of 12.69 cents per Mcf would be warranted on the record.

Without setting out the separate contentions of each party, we think all of the substantial issues presented/in these petitions for review can be summarized in rather brief compass.

The producers' petitions contend that when a section 7 application for certificate is filed the commission cannot validly impose a condition that a lower initial price be filed than that agreed upon between the parties if the evidence establishes that there is a critical need for the gas and that the proposed price will not result in a triggering of general price raises or an increase in existing rates. Petitioners also contend that they should not be required to make refunds of the difference between the 17.7 cent rate and the 20 cent rate that has been charged under the temporary certificate, because, they say, the conditions in the temporary certificate were so broadly and indefinitely stated as to nullify the condition. Finally, they state that since the tem-

* Counsel entering formal appearance.

porary certificate conditions did not expressly provide for the payment of interest on refunds, the Commission's final order, now appealed from, could not validly require the payment of 6 percent interest on such refunds.

The petitioners' first contention is broken down into two parts. The first is that on the record before us there was no justification for the Commission's denying the grant of a certificate at the initial price fixed in the contracts, that is, 20 cents per Mcf. This they say is true because the great demand for the gas outweighs any evidence in the record that might otherwise warrant the Commission's requiring a price condition as a result of its duty to give "most careful scrutiny and responsible reactions to initial price proposals of producers." See Atlantic Refining Company v. Public Service Commission, 360 U.S. 378, 79 S. Ct. 1246, 1255, 3 L.Ed.2d 1312.

The second is that even though the record warranted the Commission's granting a certificate at 20 cents conditioned upon a refund of any sums collected in excess of the amount later determined to be just and reasonable, the Commission under no circumstances had the power to condition the grant of a certificate in the manner which it did; that is, by requiring the filing of a new initial price of 17.7 cents in lieu of the contract price of 20 cents.

■■ There can be no doubt, in light of the Supreme Court's decision in the Atlantic Refining Company case (hereafter referred to as CATCO), that in a proper case the Commission has the power to attach such conditions in the granting of a certificate as may be necessary. We have carefully examined the record here and are fully satisfied that the Commission had the power to decline to issue a certificate at the 20 cent rate or in the alternative to grant a conditional certificate under the principles declared in the Atlantic Refining Company case and as recently applied by us in United Gas Improvement Company v. Federal Power Commission, 5 Cir., 1961, 290 F.2d

147. This leaves the question whether or not it could legally attach a condition that the initial price be fixed at a figure lower than that agreed upon between the parties.

Paragraph D, the conditional paragraph of the order, requires that new schedules be filed providing for a rate of 17.7 cents per Mcf *in lieu* of the *initial* price contained in the producer contracts.

Producers' complaint of this runs this way: (1) The making of initial rates is left by law to the parties by contract and may not be done by the Commission; (2) the substitution of the 17.7 cent rate for the 20 cent rate in a contract which provides for payment to the producers of 20 cents for five years, then for an increase of 4 cents, would amount to the making of an initial rate by the Commission, since it would fix a rate that the parties themselves had not agreed on; and (3) such a requirement would be particularly objectionable because if the producers filed such new schedule it would be impossible for the producers ever to get the 20 cent rate even though the Commission should ultimately find 20 cents to be just and reasonable. This, they reason, follows because this would amount to a modification of the producers' contract with the pipeline companies, so that the latter would be entitled *by contract* to purchase the gas at 17.7 cents for the first five year period for which the contract initially required them to pay the 20 cents. Producers say that under United Gas Pipe Line Co. v. Mobile Gas Service Corporation, 350 U.S. 332, 76 S. Ct. 373, 100 L.Ed. 373, they would be prohibited by the new contracts (schedules) with their purchasers from filing a schedule of 20 cents, or of any figure higher than 17.7 cents during the five year period, because the purchasers could claim the benefit of the substitution of 17.7 cents for 20 cents as the initial price and they could not be forced to pay the 20 cents which they had originally agreed to pay because other terms of the contract required that the initial price (now 17.7 cents) continue in effect for five years.

The Commission contends that the language of Section 7(e) itself is broad enough to warrant the imposition of the condition if the public convenience and necessity require it and if it is reasonable. Section 7(e) provides:

"The Commission shall have the power to attach to the issuance of the certificate and to the exercise of the rights granted thereunder such reasonable terms and conditions, as the public convenience and necessity may require." 15 U.S.C.A. § 717f(e).

The CATCO decision, of course, stands as authority for the proposition that in a proper case the Commission can impose a condition permitting sales at the initial price contained in the contract (here 20 cents) subject to refund. In deciding this, the Court said:

"Where the proposed price is not in keeping with the public interest because it is out of line or because its approval might result in triggering of general price rises or an increase in the applicant's existing rates by reason of 'favored nation' clauses or otherwise, *the Commission in the exercise of its discretion might attach such conditions as it believes necessary.*" 360 U.S. at page 391, 79 S.Ct. at page 1255.

This language, if taken literally, would clearly authorize the attaching of the condition here under attack. Since, however, the condition which the appellee in that case sought to have attached was that the producers might charge the *contract initial price* subject to refund, the Court needed to go no further than determine that *such* a condition was permissible. We should, therefore, not take the language of the opinion as express authority for the proposition that the Commission could attach *any* conditions that it deems necessary.

Neither, though, on the other hand, should we take other language in that opinion as being express authority for the proposition that the Commission has *no* power to attach a condition that the initial price be a figure lower than that named in the schedules originally filed. The petitioners point to the language of the opinion which, when discussing the conditioning powers of the Commission, said:

"This is not an encroachment upon the initial rate-making privileges allowed natural gas companies under the Act, United Gas Pipe Line Co. v. Mobile Gas Service Corp., supra, but merely the exercise of that duty imposed on the Commission to protect the public interest in determining whether the issuance of the certificate is required by the public convenience and necessity, which is the Act's standard in § 7 applications. In granting such conditional certificates, the Commission does not determine initial prices nor does it overturn those agreed upon by the parties. Rather, it so conditions the certificate that the consuming public may be protected while the justness and reasonableness of the price fixed by the parties is being determined under other sections of the Act. Section 7 procedures in such situations thus act to hold the line awaiting adjudication of a just and reasonable rate." 360 U.S. at page 391, 79 S.Ct. at page 1255.

Again, we must remember that the language used by the Court there was used by it to describe the effect of the conditions there under consideration, i. e., by granting a certificate permitting the initial contract price to go into effect subject to refund. Such a condition, of course, did not, as the court said, encroach "upon the initial rate-making privileges allowed natural gas companies", nor did it "determine initial prices, nor does it overturn those agreed upon by the parties." Petitioners claim that these statements are tantamount to a holding that the Commission had no power to deny a certificate unless the producers substituted a lower price as an initial price in a contract. This does not follow.

We think that, in light of CATCO and our earlier decisions, as well as those of four other circuits, see Public Service Commission of New York v. F. P. C., D.C. Cir., 1960, 287 F.2d 146; Public Service Commission of New York v. F. P. C., D.C.Cir., 1960, 287 F.2d 143; United Gas Improvement Company v. F. P. C., 9 Cir., 1960, 283 F.2d 817; United Gas Improvement Co. v. F. P. C., 10 Cir., 1960, 287 F.2d 159, it can hardly be argued that the Commission would not have had the power, if it made a soundly based finding that the public convenience and necessity did not warrant its granting of a certificate at an initial price higher than 17.7 cents, to deny the certificate out of hand. This it could do, not because it had determined in a Section 4(e) proceeding that 17.7 cents was a just and reasonable rate, but because it has the duty of certificating only such sales as are compatible with the public convenience and necessity.

If it has the legal authority to deny a certificate if the legal price is higher than one which the Commission feels is warranted by the public convenience and necessity it follows that it can grant the certificate on condition that such lower price be substituted by the producer in its rate schedule. In a similar situation, the Court of Appeals for the Third Circuit approved such a procedure in Signal Oil & Gas Company v. F. P. C., 238 F.2d 771, certiorari denied 353 U.S. 923, 77 S.Ct. 681, 1 L.Ed.2d 720.

Producers here contend that the Mobile case, United Gas Pipeline Company v. Mobile Gas Service Corp., 350 U.S. 332, 76 S.Ct. 373, 378, makes it clear that the Commission does not have the power in this manner to interfere with the initial price. They claim that the language of that decision to the effect that the act "permits the relations between the parties to be established initially by contract" is inconsistent with the conception of the Commission's saying to the producers that they may not be certificated for interstate sales if the contract price exceeds a specified amount. We think no such meaning can be read into the Mobile case. The court there was not considering the powers of the Commission in the granting of certificates. It was passing on the right of the producers unilaterally to obtain an increase in the price of gas at which they had contracted to sell merely by reason of the Commission's authority to find just and reasonable rates. The court's holding was that the power of the Commission did not extend to a modification of a contract over the objection of one of the parties. Here no such question arises. There is no contest here between the producers and El Paso, the purchaser of the gas. El Paso's rights are in no way invaded by a determination by the Commission that the producers may sell to it only at a price lower than it has agreed to pay.

We think it is significant that the Signal Oil & Gas Company case, supra, deciding this precise point, was decided after the Mobile case and certiorari was thereafter denied by the Supreme Court.

In an effort to bolster their argument that we should not construe Section 7(e), supra, as authorizing such a condition as is here in issue, the producers claim that the effect of their compliance with the condition will be a denial of an opportunity for them ever to receive the 20 cent price. They point out that this is conceptually a different kind of condition than that which the Supreme Court approved in CATCO. This, they say, is so because the condition approved in CATCO permitted the producers to continue to collect the initial contract rate pending the Commission's decision in the suspension hearing, whereas, the condition here attacked makes the 17.7 cent rate a substitute term of the contract between the producers and El Paso and under the court's decision in the Mobile case the producers are prohibited from allowing a rate increase to 20 cents because the contract with El Paso provides for the first increase only at the end of five years. Some of the petitioners point to the Commission's administrative actions following the decision in Signal Oil & Gas Co. v. F.P.C., supra, as demonstrating that the Commission construes

Mobile as making the substitute rate inserted in compliance with a conditional order of this kind unchangeable until the first rate increase provided for in the contract. The Commission agrees that it holds this view, and it says it is the proper one.

■ Our decision that the statute gives the Commission the power to grant a certificate conditioned upon the producers substituting a lower initial rate than provided in the contract is not based upon a contrary interpretation of the statute. That is to say we conclude that the power of the Commission to condition a certificate is co-extensive with its power to reject or deny a certificate, even though this might make it impossible for a producer ever to get its initial price, if the Commission conditioned its certificate on the filing of a lower initial price. This follows, we think, because the power to reject an application for certificate completely is harsher than the power to grant it on any reasonable condition. However, we think it appropriate to say that we find no authority for holding that a producer does not have the right immediately to file a proposed rate increase of 20 cents per Mcf after complying with the condition that it file a new schedule carrying an initial price of 17.7 cents in lieu of the 20 cent rate in the contract. None of the reasons which caused the Supreme Court to reject the rate increase in Mobile is relevant here. El Paso has voluntarily agreed by contract to pay 20 cents initially for a period of five years. The fact that the Commission has required its producers to deliver to it at 17.7 cents does not, it seems to us, amount to a revision of the contract obligation of the parties between themselves except to the extent only that the Commission has a legal duty to deny to the producers the right to receive, at least for a limited time, part of the benefits the parties have agreed among themselves it is entitled to. It does not follow that if producers are thereafter able to make a record in a section 4(e) proceeding that would warrant the Commission's finding 20 cents to be a just and reasonable rate the Commission would be powerless to make such a finding and approve such rate because of any contractual relations between the producers and El Paso.

There remains for consideration the validity of the ordering paragraph of the Commission's order. Paragraph E requires petitioners which accepted temporary certificates and started sales of gas to refund to El Paso, with 6 percent interest, the difference between the prices they collected under the temporary certificates and 17.7 cents determined to be proper in the order granting the certificates. This order was based on a condition in the temporary certificates reading as follows:

"* * * is conditioned on [the petitioners] refunding to El Paso any amounts in excess of the amount resulting from the rate finally determined to be proper in the consolidated proceedings, Docket Nos. G-31862, et al. * * *"

Some of the petitioners contend here that they cannot be required to make a refund under the temporary certificate condition because they say such a condition as this is too vague and indefinite to provide a reasonable standard to permit producers fairly to know whether or not to accept temporary certificates embodying such a condition. The case of Sunray Mid-Continent Oil Company v. F. P. C., 10 Cir., 270 F.2d 404 is cited as authority for the proposition urged here by the complaining producers. The most apparent distinction between the position of the petitioners here and that in the Sunray case is that in the latter case the aggrieved producer appealed directly from the order imposing the conditions, whereas in the instant case the producers accepted certificates with the conditions attached and now seek to appeal after the permanent certificates are granted.

■ We think we do not need to consider whether the powers of the Commission respecting the imposition of such a condition in the grant of a temporary certificate are as circumscribed as deter-

mined by the Court of Appeals for the Tenth Circuit. We think the time for the producers to raise this question was before they accepted the certificates with the conditions attached. This is true because the failure of petitioners to appeal from the order granting the conditions within the time provided for appeals in Section 19(b) of the Natural Gas Act, 15 U.S.C.A. § 717r(b) deprives this court of jurisdiction to entertain a petition to review this order. Clearly, the order granting the temporary certificates, when it embodied the conditions now complained of was an order which then aggrieved the petitioners. We agree with the court in the Sunray Oil Company case that such order was then appealable. No petition for review having been filed within 60 days thereafter, this court has no jurisdiction to permit the raising of the issue thereafter. This is not such a case as affected only eventualities that would affect petitioners' rights adversely on the contingency of future administrative action. Their right to a certificate without a condition in the terms proposed was then at issue and was then decided. The refusal of the Commission to grant the temporary certificate without the condition was an appealable order. Cf. Magnolia Petroleum Company v. F. P. C., 5 Cir., 236 F.2d 785, certiorari denied 352 U.S. 968, 77 S.Ct. 356, 1 L.Ed.2d 322, and Humble Oil & Refining Co. v. F. P. C., 5 Cir., 236 F.2d 819.

■ We also conclude that the Commission was fully authorized, when ordering a refund under the terms of the condition, to require payment of interest at 6 percent. See Mississippi River Fuel Corp. v. F. P. C., 108 U.S.App.D.C. 284, 281 F.2d 919. Any other holding would, it seems to us, validate a retention of funds by the producer in a manner that would amount to unjust enrichment.

In its petition for review in number 18543, the State of California, playing its traditional role of stressing the interest of the consuming public, asserts that the 17.7 cent initial price, itself, is not supported by substantial evidence in the record. It contends that the Commission should have denied the certificate out of hand or at most it should have conditioned it upon requiring an initial price of 12.69 cents.

■ As we have already indicated, and as all parties recognize, a section 7 proceeding is not to be equated with a proceeding under section 4 or section 5 to determine a just and reasonable rate. The power and duty of the Commission to give "most careful scrutiny and reasonable reaction to initial price proposals of producers" may be discharged by it without the elaborate and detailed proofs required in a section 4 or section 5 proceeding. We find that the record before the Commission meets the requirements of a section 7 determination that an initial price of 20 cents would not be compatible with public convenience and necessity and that an initial price of 17.7 cents would be.

Finding no error in the order here under attack, we conclude that it should be Affirmed in all respects.