**THE PURE OIL COMPANY, Petitioner,**

v.

**FEDERAL POWER COMMISSION,**
Respondent.

No. 13243.

United States Court of Appeals
Seventh Circuit.

July 7, 1961.

Rehearing Denied Aug. 11, 1961.

John C. Snodgrass, Palatine, Ill., Ben A. Harper, Chicago, Ill., Vinson, Elkins, Weems & Searls, Houston, Tex., of counsel, for petitioner.

John C. Mason, Gen. Counsel, John D. Lane, Atty., Howard E. Wahrenbrock, Sol., Robert L. Russell, Asst. Gen. Counsel, Arthur H. Fribourg, Atty., F.P.C., Washington, D. C., for respondent.

Before DUFFY and SCHNACKENBERG, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge.

This is a petition to review an order of the Federal Power Commission pursuant to Section 19(b) of the Natural Gas Act, 15 U.S.C.A. § 717r(b).

The order complained of, entered on November 14, 1960, grants petitioner, The Pure Oil Company, temporary authority to sell natural gas to Michigan Wisconsin Pipe Line Company (hereafter referred to as "Michigan Wisconsin") subject to the condition that the upward BTU adjustment clause of the sales contract be eliminated.

Petitioner, an independent producer selling natural gas in interstate commerce for resale for ultimate public consumption, has been engaged in the production of such gas in the Laverne Field located in the Oklahoma Panhandle area. It executed a contract to sell gas to Michigan Wisconsin on May 26, 1959, at a price of 17 cents per thousand cubic feet, plus BTU adjustment for gas

which varied from standard 1000 BTU content. On July 13, 1959, the Commission granted petitioner temporary authority of sale pursuant to said contract which was filed with the Commission as The Pure Oil Company's Federal Power Commission Rate Schedule No. 48.

Following further discoveries of gas in the Laverne Field, petitioner amended its sales contract with Michigan Wisconsin, dedicating additional gas-producing acreage thereto. On March 2, 1960, the Commission approved amendment of temporary authorization granted July 13, 1959, to cover sales from the newly-dedicated acreage. The temporary certificate covering both the original and additional sales was made permanent on August 10, 1960.

Following further gas discoveries in the Laverne Field which petitioner dedicated to its original sales contract with Michigan Wisconsin, petitioner filed application to amend the permanent certificate of August 10, 1960, by addition of the most recently dedicated gas-producing acreage. Concurrently it requested temporary authorization for the sale of the newly-discovered gas pending determination of the application for permanent certification because of imminent loss of leases and drainage by offsetting wells. The review sought here is of the order entered on the application for temporary authority.

Petitioner contends that there is no reasonable basis for the Commission's action in reducing the contract price agreed upon by the parties by elimination of the upward BTU adjustment. It is the position of the Commission that the order in issue is not reviewable and, further, that its issuance was proper in that it was consistent with the Commission's promulgated policy.

Considering first the question of jurisdiction, the court holds that the order in issue is reviewable. Petitioner is adversely affected by the imposition of a condition reducing its proposed contract sales price pending evidentiary proceedings determining this question on the application for permanent certification. In the event that the upward BTU adjustments should be approved in a subsequent appropriate proceeding, petitioner would be without recourse to recover revenues of which it is deprived under the present temporary authorization order. Under these circumstances, petitioner is an aggrieved party within the provisions of Section 19(b) of the Act governing judicial review of Commission orders. See Sunray Mid-Continent Oil Co. v. Federal Power Commission, 10 Cir., 1959, 270 F.2d 404, 407, and Texaco, Inc. v. Federal Power Commission, 5 Cir., 1961, 290 F.2d 149. Absence of an evidentiary record may have relevancy in determining the validity of the Commission's action; such absence does not deprive the court of jurisdiction to inquire into the regularity of the action.

The Commission claims that the elimination of the upward BTU adjustment from the sales price of gas is in conformance with its policy of establishing area ceiling prices as promulgated in its Statement of General Policy, No. 61–1, on September 28, 1960, approximately one month before petitioner's application in the instant proceeding was filed. The ceiling price there set forth for the area in question is 17 cents per thousand cubic feet. The Statement, issued on the Commission's own motion, purports to set standards for initial and increased rate filings by producers of natural gas to bring about effective, fair, and administratively feasible fulfillment of the Commission's regulatory duties.

The Commission has authority under Section 7(e) of the Act, 15 U.S.C.A. § 717f(e) to attach conditions to the issuance of permanent certification of the sale of natural gas as required by public convenience and necessity. The exercise of this authority must be supported by soundly-based findings in the record before the Commission. See concurring opinion in Atlantic Refining Co. v. Public Service Commission, 1959, 360 U.S. 378, 394, 79 S.Ct. 1246,

3 L.Ed.2d 1312, commonly and hereafter referred to as the Catco case; Texaco, Inc. v. Federal Power Commission, 5 Cir., 1961, 290 F.2d 149; Signal Oil & Gas Co. v. Federal Power Commission, 3 Cir., 1956, 238 F.2d 771, certiorari denied 353 U.S. 923, 77 S.Ct. 681, 1 L.Ed.2d 720.

■ The power of the Commission to impose conditions upon certificates of convenience and necessity has been held to extend to temporary certificates issued upon summary proceedings in emergency cases as provided in Section 7(c) of the Act. Sunray Mid-Continent Oil Co. v. Federal Power Commission, 10 Cir., 1959, 270 F.2d 404, 408. Limitations upon the authority of the Commission to impose conditions are not affected by the nature of the proceedings underlying the order. In all instances this authority must be exercised subject to the objectives of the Commission's regulatory power and the requirements of due process.

■ The record before the Commission does not furnish a sufficient basis to warrant imposition of a condition reducing the initial price of natural gas proposed by petitioner. The promulgation of the Statement of General Policy, No. 61–1, does not justify enforcement of the rate there proposed for the area in question under the circumstances of this case. The primary concern of the Statement is the adoption of a new method in rate filing determinations based on area ceiling prices rather than on the "original cost, prudent investment, rate" base previously relied upon. The Statement reflects recognition that individual contract provisions, as for example BTU adjustments and conditions of delivery, must be considered on the question of rate for each particular case.

■ The promulgation of policy and area ceiling prices does not conclusively establish the proposed rates as applicable in any particular case. The Statement does not purport to preclude the possibility of a finding that a rate other than the area ceiling price may be in the public interest where the finding is based on an evidentiary record reflecting all pertinent factors.

There is no showing on this record that the gas price agreed upon by The Pure Oil Company and its pipe line, and proposed by petitioner in its application for temporary authorization, falls within the categories as to which Commission modification has received judicial approval as set forth in the Catco case on page 391 of 360 U.S., on page 1255 of 79 S.Ct.:

"* * * The Congress, in § 7 (e), has authorized the Commission to condition certificates in such manner as the public convenience and necessity may require. Where the proposed price is not in keeping with the public interest because it is out of line or because its approval might result in a triggering of general price rises or an increase in the applicant's existing rates by reason of 'favored nation' clauses or otherwise, the Commission in the exercise of its discretion might attach such conditions as it believes necessary."

Under the circumstances of this case, the Commission has no authority to impose reduction of the initial sales price as a condition to the granting of temporary authority of sale. The proposed contract price is not patently against the public interest. Enforcement of the condition, pending evidentiary hearing on the requirements of the public interest, would result in irremediable financial prejudice to petitioner in case the initial proposed contract rate receives ultimate approval. Should the Commission believe that the public interest requires application of its new policy to this case prior to proceedings upon which a reduction of the initial price may properly be based, this must be accomplished in a manner which also protects the producer against prejudice.

■ Temporary certification of the sale of gas at the initial contract price upon condition that petitioner refund any amount received in excess of that

**354**

ultimately found proper in the public interest would have protected all interests pending determination after hearing. Cf. Texaco, Inc. v. Federal Power Commission, 5 Cir., 1961, 290 F.2d 149.

Conditioning the order in proper terms will further eliminate the alleged discrimination, disparity, and accounting problem of which petitioner complains, pending proceedings wherein these factors may be examined and weighed by the Commission in determining the requirements of the public interest.

For the foregoing reasons, the order under review must be set aside. The case is hereby remanded to the Commission for proceedings not inconsistent with this opinion.