## FEDERAL POWER COMMISSION *v.* PACIFIC POWER & LIGHT CO. ET AL.

No. 508. Argued March 9, 1939.—Decided April 17, 1939.

*Assistant Solicitor General Bell*, with whom *Solicitor General Jackson, Assistant Attorney General Arnold,* and *Messrs. Paul A. Freund, Robert M. Cooper, David W. Robinson, Jr.,* and *Louis W. McKernan* were on the brief, for petitioner.

*Messrs. A. J. G. Priest* and *John A. Laing*, with whom *Mr. Henry S. Gray* were on the brief, for respondents.

MR. JUSTICE FRANKFURTER delivered the opinion of the Court.

The case is here on *certiorari* to the Circuit Court of Appeals for the Ninth Circuit, granted because of the intrinsic importance of the issue raised and of a conflict between the decision below, 98 F. 2d 835, and that of the Circuit Court of Appeals for the Second Circuit. *Newport Electric Corp.* v. *Federal Power Comm'n*, 97 F. 2d 580 (C. C. A. 2d).

The sole issue before us is whether an order of the Federal Power Commission, denying an application under § 203 (a)[1] of the Federal Power Act as amended, [49 Stat. 849] is reviewable under § 313 (b) of that Act.

The Inland Power & Light Company, an Oregon corporation, owns three hydro-electric projects in Oregon and Washington, two of which are operated under license of the Federal Power Commission, and the third, under a permit issued by the Secretary of the Interior. The Pacific Power & Light Company, a Maine corporation, is engaged in generating and distributing electric energy in Washington and Oregon, and owns and operates facilities for interstate transmission of electricity. The Inland and Pacific Companies filed a joint application with the Power Commission for approval, under §§ 8 and 203 of the Act, of a proposed transfer of all the assets, including licenses, of Inland to Pacific, and of the termination of Inland's existence. Having found after due hearing and consideration that "applicants have failed to establish that said transfer will be consistent with the public interest within the contemplation of § 203 (a) of the Federal Power Act," the Commission ordered that "the application be and the same hereby is denied."

Invoking § 313 (b) of the Federal Power Act, the applicants initiated the present proceedings in the Circuit Court of Appeals for the Ninth Circuit to review the

---

[1] "No public utility shall sell, lease, or otherwise dispose of the whole of its facilities subject to the jurisdiction of the Commission, or any part thereof of a value in excess of $50,000, or by any means whatsoever, directly or indirectly, merge or consolidate such facilities or any part thereof with those of any other person, or purchase, acquire, or take any security of any other public utility, without first having secured an order of the Commission authorizing it to do so. . . . After notice and opportunity for hearing, if the Commission finds that the proposed disposition, consolidation, acquisition, or control will be consistent with the public interest, it shall approve the same."

order of the Commission as unwarranted in law and unsupported in its findings. The exact scope of the prayer is postponed for later consideration. The Power Commission challenged the jurisdiction of the Circuit Court of Appeals by a motion to dismiss the petition on the ground that the court was without jurisdiction under § 313 (b), since the order sought to be set aside was negative in character. The denial of that motion brought the case here.

If the Federal Power Act had formally taken over the statutory provisions of the Urgent Deficiencies Act pertaining to review of orders of the Interstate Commerce Commission, the decision in *Rochester Telephone Corp. v. United States, ante,* p. 125, would dispose of this case and sustain the assumption of jurisdiction below. But the Power Act contains a distinctive formulation of the conditions under which resort to the courts may be made and Congress determines the scope of jurisdiction of the lower federal courts. Section 313 (b) provides that "Any party to a proceeding under this Act aggrieved by an order issued by the Commission in such proceeding may obtain review of such order in the Circuit Court of Appeals of the United States." The denial by the Commission of approval of the application by petitioners of the transfer of Inland to Pacific as not "consistent with the public interest" was an "order," and the petitioners were "aggrieved" by it since without such approval the transfer was forbidden. § 203 (a). Thus the statutory scheme of the Power Act only reinforces the analysis made in the *Rochester* case.

But it is urged that review of the Power Commission's order does not present a "Case" or "Controversy," because the court itself cannot lift the prohibition of the statute by granting permission for the transfer, nor order the Commission to grant such permission. And so it is

160

claimed that any action of a court in setting aside the order of the Commission would be an empty gesture, since without permission a transfer would be unlawful. But this proves too much. In none of the situations in which an action of the Interstate Commerce Commission or of a similar federal regulatory body comes for scrutiny before a federal court can judicial action supplant the discretionary authority of a commission. A federal court cannot fix rates nor make divisions of joint rates nor relieve from the long-short haul clause nor formulate car practices. So here it is immaterial that the court itself cannot approve or disapprove the transfer. The court has power to pass judgment upon challenged principles of law insofar as they are relevant to the disposition made by the Commission. ". . . a judgment rendered will be a final and indisputable basis of action between the commission and the defendant." *Interstate Commerce Comm'n* v. *Baird*, 194 U. S. 25, 38. In making such a judgment the court does not intrude upon the province of the Commission, while the constitutional requirements of "Case" or "Controversy" are satisfied. For purposes of judicial finality there is no more reason for assuming that a Commission will disregard the direction of a reviewing court than that a lower court will do so.

*Affirmed.*