## ARKANSAS POWER & LIGHT CO. v. FEDERAL POWER COMMISSION et al.

### Civ. No. 27451.

District Court of the United States for the District of Columbia.

June 6, 1945.

Gordon E. Young, of Pine Bluff, Ark., A. J. C. Priest, of New York City, and J. Ross Gamble and Virginia C. Duncombe, both of Washington, D. C., for plaintiff.

R. B. McCulloch and Chas. C. Wine, both of Little Rock, Ark., and Ben Smart, of Washington, D. C., for Department of Public Utilities of Arkansas, and Commissioners of Department of Public Utilities of Arkansas.

Charles V. Shannon, Howard E. Wahrenbrock, Lambert McAllister, and Louis W. McKernan, all of Washington, D. C., for Federal Power Commission.

Guy E. Williams, Atty. Gen., of Arkansas, Cleveland Holland, Asst. Atty. Gen., of Arkansas, and H. Cecil Kilpatrick, of Washington, D. C., amici curiae.

PINE, Associate Justice.

This is an action against the Federal Power Commission (Commission) and its Commissioners, and the Department of Public Utilities of the State of Arkansas (Department) and its Commissioners.

The complaint seeks (1) an injunction to restrain the Federal Power Commission from taking further action in a proceeding, now on its docket, entitled "In the Matter of the Arkansas Power & Light Company," plaintiff herein, and (2) a declaratory judgment that the exclusive jurisdiction over plaintiff's primary books of accounts and of the entries made and to be made therein is vested in the Department of Public Utilities of the State of Arkansas, defendant herein, and other related declaratory relief. Plaintiff admits that it is a public utility, subject to the jurisdiction of the Commission. The Department and its Commissioners have answered and filed a cross-claim seeking relief similar to that sought by plaintiff. They have not intervened, nor sought to intervene, in the proceeding above referred to, now on the docket of the Commission. The Federal Power Commission and its commissioners have moved to dismiss the complaint and the cross-claim.

■ Sec. 313(b) of the Federal Power Act, 16 U.S.C.A. § 825l(b), provides that any party to a proceeding under this Act, aggrieved by an order issued by the Commission in such proceeding, may obtain a review of such order in an appropriate Circuit Court of Appeals, by filing in such court a written petition praying that the order of the Commission be modified or set aside. This method of judicial review is exclusive. Federal Power Commission v. Pacific Power & Light Co., 307 U.S. 156, 159, 59 S.Ct. 766, 83 L.Ed. 1180; Safe Harbor Water Power Corp. v. Federal Power Commission, 3 Cir., 124 F.2d 800, 804, certiorari denied, 316 U.S. 663, 62 S. Ct. 943, 86 L.Ed. 1740; Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 48–50, 58 S.Ct. 459, 82 L.Ed. 638; Miles Laboratories v. Federal Trade Commission, 78 U.S.App.D.C. 326, 328, 140 F.2d 683, certiorari denied, 322 U.S. 752, 64 S.Ct. 1263, 88 L.Ed. 1582; Black River Valley Broadcasts, Inc. v. McNinch et al., 69 App.D.C. 311, 314, 101 F.2d 235, certiorari denied, 307 U.S. 623, 59 S.Ct. 793, 83 L.Ed. 1501. The Federal Declaratory Judgment Act, 28 U.S.C.A. § 400, does not confer upon the court jurisdiction which it does not otherwise possess. Miles Laboratories v. Federal Trade Commission, supra; Bradley Lumber Co. v. National Labor Relations Board, 5 Cir., 84 F.2d 97, 100, certiorari denied, 299 U.S. 559, 57 S.Ct. 21, 81 L.Ed. 411. This court therefore does not have jurisdiction over the subject matter of the complaint.

■ The cross-claim is governed by the same principles. The Department and its Commissioners cannot escape them by failing to seek relief in the proceeding now pending on the Commission's docket, about which they complain. This they may do by filing a petition for intervention.

■ If they are allowed to intervene and are aggrieved by an order thereafter issued by the Commission, they may obtain a review of such order as set forth in Sec. 313(b) of the Federal Power Act, supra. If they petition to intervene and their petition is denied, they may obtain a review of such order denying their petition under Sec. 313(b), supra. Moreover, it should be pointed out that the administrative remedies under the Federal Power Act have not been exhausted, and "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. That rule has been repeatedly acted on in cases where, as here, the contention is made that the administrative body lacked power over the subject matter." Myers v. Bethlehem Shipbuilding Corp., supra [303 U.S. 41, 58 S.Ct. 459, 463]; Miles Laboratories v. Federal Trade Commission, supra.

■ Finally, the substantive question raised by the plaintiffs and cross-claimants appears to have been settled adversely to their contention. Northwestern Electric Co. v. Federal Power Commission, 321 U. S. 119, 64 S.Ct. 451, 88 L.Ed. 596.

The motion of the Federal Power Commission and its Commissioners to dismiss the complaint and cross-claim therefore will be granted. Counsel for the Commission and its Commissioners will submit, on notice, appropriate order.