The STATE OF NEW HAMPSHIRE

v.

NATIONAL BROADCASTING COM-
PANY, Inc.

Civ. A. No. 2345.

United States District Court
D. New Hampshire.
May 24, 1963.

916

William Maynard, Atty. Gen., William J. O'Neil, Asst. Atty. Gen., Alexander J. Kalinski, Asst. Atty. Gen., Concord, N. H., for plaintiff.

Sulloway, Hollis, Godfrey & Soden, Charles F. Sheridan, Jr., Concord, N. H., for defendant.

CONNOR, District Judge.

The State of New Hampshire has filed a complaint, without indicating any jurisdictional basis, alleging the oral publication of a defamatory statement by the National Broadcasting Company (hereafter referred to as NBC), a Delaware corporation. The defendant has filed a motion to dismiss based on the lack of jurisdiction over the subject matter of this proceeding, and over it. The defendant maintains that diversity of citizenship does not exist and, because there is no federal question presented in the complaint, this court is without jurisdiction over the action. It further contends that, because it is not registered to do business in New Hampshire and is not doing business here, the service of process upon the Secretary of State of the State of New Hampshire is invalid.

I hold that the State of New Hampshire is not a citizen for purposes of diversity of citizenship and, because there is no federal question raised on the face of the complaint, there is no jurisdiction in this court under 28 U.S.C. § 1331 or § 1332. State Highway Commission of Wyoming v. Utah Construction Company, 278 U.S. 194, 49 S.Ct. 104, 73 L.Ed. 262 (1929); Minnesota v. Northern Securities Company, 194 U.S. 48, 24 S.Ct. 598, 48 L.Ed. 870 (1904); Postal Telegraph Cable Company v. Alabama, 155 U.S. 482, 15 S.Ct. 192, 39 L.Ed. 231 (1894). I have recently had occasion to similarly hold in the case of Creedon v. State of New Hampshire, 154 F.Supp. 176 (D.N.H.1957).

Notwithstanding this clear authority, the plaintiff contends that the United States Constitution, article III, sections 1 and 2, confer in this court jurisdiction over the action. The plaintiff takes this position, even in the absence of a federal statute expressly granting jurisdiction pursuant to article III, section 1, which states that Congress has the authority to vest the federal judicial power in such inferior courts as they shall "ordain and establish."

The fallaciousness of the position taken by the plaintiff is obvious and well-established. The creation of lower federal courts and the determination of their jurisdiction has been left to Congress. U.S.Const. art. III § 1; Grace v. American Central Insurance Co., 109 U.S. 278, 3 S.Ct. 207, 27 L.Ed. 932 (1883); Federal Power Commission v. Pacific Power & Light Co., 307 U.S. 156, 59 S. Ct. 766, 83 L.Ed. 1180 (1939); Lockerty v. Phillips, 319 U.S. 182, 63 S.Ct. 1019, 87 L.Ed. 1339 (1943). It is for Congress to decide to what extent the "judicial power" of the United States is to be exercised by the lower federal courts and thus, the judicial power specified in the Constitution, article III, section 2, clause 1, absent a Congressional grant to the lower federal courts, may be exercised by the Supreme Court in the first instance. Ames v. Kansas, 111 U.S. 449, 4 S.Ct. 437, 28 L. Ed. 482 (1884); Georgia v. Pennsylvania Railroad Co., 324 U.S. 439, 65 S.Ct. 716, 89 L.Ed. 1051 (1945). In those classes of cases in which article III, section 2, clause 2, provides that there be "original jurisdiction" in the Supreme Court, the Court has held that these can also be heard in the lower federal courts, if Congress so deems, because "original jurisdiction" is not "exclusive jurisdiction." Bors v. Preston, 111 U.S. 252, 4 S.Ct. 407, 28 L.Ed. 419 (1884); Williams v. United States, 289 U.S. 553, 53 S.Ct. 751, 77 L.Ed. 1372 (1933); United States v. California, 297 U.S. 175, 56 S.Ct. 421, 80 L.Ed. 567 (1936); Ames v. Kansas, 111 U.S. 449, 469, 4 S.Ct. 437, 28 L.Ed. 482 (1884), and cases cited therein.

In the Ames case, the Court, speaking through Chief Justice Waite, held that the federal judicial power extends to all cases arising under the Constitution or laws of the United States, whoever may be the parties, and the exercise of that power may properly be, and was, committed to the Circuit Courts by Congress under the removal act of 1875. Thus, the United States District Courts have jurisdiction over cases brought by a state against citizens of their own state or other states which fall within the purview of 28 U.S.C. § 1331(a). If the federal constitution, a treaty, or any federal law is not invoked, there is no jurisdiction in the district courts under the foregoing section. Moreover, Congress, although authorized, has not expressly conferred any jurisdiction in an action by a state against a citizen of another state. It has been urged that this court has jurisdiction under 28 U.S.C. § 1332(a), but this proposal is without merit for it has been repeatedly held that a state is not a citizen of any state for purposes of diversity of citizenship under this section. Stone v. South Carolina, 117 U.S. 430, 6 S.Ct. 799, 29 L.Ed. 962 (1886); Germania Insurance Company v. Wisconsin, 119 U.S. 473, 7 S.Ct. 260, 30 L.Ed. 461 (1886); Postal Telegraph Cable Company v. Alabama, 155 U.S. 482, 15 S.Ct. 192, 39 L.Ed. 231 (1894); Minnesota v. Northern Securities Company, 194 U.S. 48, 24 S.Ct. 598, 48 L.Ed. 870 (1904); State Highway Commission of Wyoming v. Utah Construction Company, 278 U.S. 194, 49 S.Ct. 104, 73 L.Ed. 262 (1929). Therefore, this court has no jurisdiction over this case, although Congress in 28 U.S.C. § 1251(b) has indicated that it is not beyond their power to grant such. As stated by Chief Justice Waite in Ames v. Kansas, supra, 111 U.S. p. 469, 4 S.Ct. p. 446, 28 L.Ed. 482:

> "It rests with the legislative department of the government to say to what extent such grants [in cases where the Supreme Court has been vested by the Constitution with original jurisdiction] shall be made [to the lower federal courts], and it may safely be assumed that nothing will ever be done to encroach upon the high privileges of those for whose protection the constitutional provision was intended."

I conclude that neither the Constitution nor any statute confers upon this court jurisdiction over this case and, therefore, this action cannot be maintained and must be dismissed.

Holding as I do, it becomes unnecessary to consider the question of whether NBC has had sufficient contacts in New Hampshire to make it answerable to service here through the Secretary of State.

Motion to dismiss is granted.