438 P.2d 885

Brooks E. **HOLLADAY**, Joe M. Bonfield, and Wilmer Craig, on behalf of themselves and the other applicants for the proposed First State Bank, Inc. of Hobbs, New Mexico, Plaintiffs-Appellants,

v.

W. J. **UPTON**, Commissioner of Banking of the State of New Mexico, Defendant-Appellee.

No. 8056.

Supreme Court of New Mexico.

March 25, 1968.

Robert W. Ward, Lovington, for appellants.

Boston E. Witt, Atty. Gen., Roy G. Hill, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

CHAVEZ, Chief Justice.

Appellants, who were applicants for the proposed First State Bank, Inc. of Hobbs, New Mexico, being aggrieved by an order of the district court dismissing appellants' purported appeal, now appeal to this court.

Appellants pleading termed an "Appeal" in the district court of Lea County, alleged among other things that, after having filed a notice of intention to organize such bank as required by § 48–22–44, N.M.S.A., 1953 Comp., as amended, and having received no notice of any defect or defects therein as provided in subsection "B" of said section, they made application for permission to file corporate papers as required by § 48–22–45, N.M.S.A., 1953 Comp., as amended; and that appellee entered an order rejecting said application.

Appellee filed a motion to dismiss on the ground that appellants had failed to state a claim upon which relief could be granted. After a hearing on the motion, the district court entered its order granting appellee's motion to dismiss the purported appeal, concluding that:

"1. There is no provision in New Mexico law for a hearing in respect to an application for permission to organize a state bank.

"2. The determination of the Commissioner of the question of whether or not he will grant authority for the organization of a state bank is discretionary and exercised without hearing.

"3. By reason of the fact there is no provision for a hearing upon an application for permission to organize a state bank the provisions of Section 34, Chapter 305 of the Laws of 1963 providing for court review of actions of the Commissioner of Banking are not applicable to the action of the Commissioner granting or refusing permission to organize a state bank and there is no statute,

in New Mexico authorizing an appeal from such an order.

"4. The Court has no jurisdiction to hear and consider an appeal from the action of the State Banking Commissioner granting or denying an application for permission to organize a state bank.

"* * *."

Section 48–22–44, supra, provides that the organizers of a state bank shall file with appellee a notice of their intention to organize a state bank and to furnish such information as set out therein. Section 48–22–45, supra, provides that, after the capital structure has been fully subscribed, the organizers may apply to appellee for permission to file with the corporation commission. Upon such application for permission to file, appellee is required to make a careful investigation as set out in § 48–22–46, N.M.S.A., 1953 Comp., relative to, e. g., "the character, reputation, and financial standing of the organizers or incorporators," etc. and "such other facts and circumstances bearing on the proposed bank and its relation to the community as in the opinion of the commissioner may be relevant." Section 48–22–46(B), N.M.S.A., 1953 Comp., provides that:

"B. As soon as the investigation has been completed, the commissioner shall in his discretion approve or reject the application."

Section 48–22–33, N.M.S.A., 1953 Comp., provides in part:

"A. In addition to other powers conferred by law, the commissioner shall have power to:

"*      *      *      *      *      *

"(3) order the holder of shares in a bank to refrain from voting said shares on any matter if he finds that such order is necessary to protect the institution against reckless incompetent or careless management, to safeguard the funds of depositors, or to prevent the willful violation of the Banking Act or of any lawful rule or order issued thereunder, in which case the shares of such a holder shall not be counted in determining the existence of a quorum or a percentage of the outstanding shares necessary to take any corporate action; and

"(4) order any person to cease violating a provision of the Banking Act or a lawful regulation issued thereunder or to cease engaging in any unsound banking practice.

"B. The Commissioner may remove or suspend, for a period of not more than three [3] years, a director, trustee, officer or employee of a state bank who becomes ineligible to hold his position or, who, after receipt of an order to cease under the preceding subsection, violates the Banking Act or a lawful regulation or order issued thereunder, or who is dishonest, or who is reckless or grossly incompetent in the conduct of banking business. It is unlawful for any such person, after receipt of a removal or suspension order, to perform any duty or exercise any power of any state bank for a period of three [3] years, or the period of suspension. A removal or suspension order shall specify the grounds thereof and a copy of the order shall be sent to the bank concerned.

"C. Notice and hearing shall be provided in advance of any action taken by the commissioner under the authority of this section. The notice shall specify the time and place of the hearing."

Section 48–22–34, N.M.S.A., 1953 Comp., provides:

"A. Any person aggrieved and directly affected by an order of the commissioner may appeal to the district court in the county in which said person resides or maintains his principal office within thirty [30] days after issuance of the order. The filing of a petition for review shall not stay enforcement of an order, but the court may order a stay upon such terms as it deems proper.

"B. The court may affirm the order of the commissioner, may direct the commissioner to take action as may be affirmatively required by law, or may re-

verse or modify the order of the commissioner if the court finds the order:

"(1) was issued pursuant to an unconstitutional statutory provision;

"(2) was in excess of statutory authority;

"(3) was issued upon unlawful procedure; or

"(4) is not supported by substantial evidence in the record. Due weight shall be accorded the experience, technical competence and specialized knowledge of the commissioner as well as the discretionary authority conferred upon him.

"* * * * * * "

Appellants made allegations concerning all four of the matters upon which a district court may, under § 48–22–34(B), supra, reverse or modify an order of the commissioner. The question which arises, and is determinative of the present appeal, is whether or not the action of appellee in rejecting appellants' application was appealable. If appellee's rejection was an order, it is appealable under § 48–22–34, supra; if it was not an order, it is not appealable under § 48–22–34, supra.

Appellee argues that nowhere in §§ 48–22–44, 48–22–45 or 48–22–46, supra, is any reference made to the issuance of an order by appellee and, therefore, § 48–22–34, supra, providing for a court review has application only to the orders that appellee is authorized to make under § 48–22–33, supra. Appellee also argues that since § 48–22–34(A), supra, is concerned with enforcement, and since there is no enforcement involved in the denial of an application for a bank charter, § 48–22–34, supra, has no application to such a denial.

Appellants, on the other hand, contend that it would be illogical to interpret § 48–22–34, supra, as allowing review of appellee's actions in ordering the holder of shares in a bank to refrain from voting his shares (under § 48–22–33(A) (3), supra,) or in ordering a person to cease violating a provision of the Banking Act (under § 48–22–33(A) (4), supra,) but not allowing review of appellee's actions in liquidating a bank (under § 48–22–61, N.M.S.A., 1953 Comp.), merely because, in one instance, appellee is said by the statute to "order" certain things, while in the other the word "order" is not used.

We hold that appellants have a right to appeal under § 48–22–34, supra, from appellee's rejection of appellants' application under § 48–22–46(B), supra, and that, therefore, the district court erred in ruling there was no statute in New Mexico authorizing such an appeal; in ruling that the district court had no jurisdiction to consider such an appeal; and in dismissing appellants' appeal. Regarding appellee's argument with respect to the stay of enforcement provision of § 48–22–34(A), supra, we note that the mere fact enforcement would probably not be applicable to a rejection of an application, such as that with which we are dealing here, does not lead us to conclude that the other provisions of § 48–22–34, supra, are not applicable to such a rejection. Furthermore, the fact that a rejection does not command action does not determine that a rejection is not an order.

"* * * Administrative determinations which are not commands may for all practical purposes determine rights as effectively as the judgment of a court, * * *"

American Federation of Labor v. National Labor Relations Board, 308 U.S. 401, 60 S.Ct. 300, 84 L.Ed. 347; and see Rochester Telephone Corp. v. United States, 307 U.S. 125, 59 S.Ct. 754, 83 L.Ed. 1147; Federal Power Commission v. Pacific Power & Light Co., 307 U.S. 156, 59 S.Ct. 766, 83 L.Ed. 1180; Pollak v. Public Utilities Commission of the District of Columbia, (1951), 89 U.S.App.D.C. 94, 191 F.2d 450, rev'd on other grounds, 343 U.S. 451, 72 S.Ct. 813, 96 L.Ed. 1068.

Appellee's action in rejecting appellants' application was as much an order as would be, e. g., appellee's action in requiring the holder of shares in a bank to refrain from

**4**

voting his shares, or in requiring a person to cease violating a provision of the Banking Act. It is not the label attached to a given administrative determination which determines whether or not the administrative determination is an order and, therefore, appealable under our statute; rather, it is the substance of what the administrative agency purports to do by its determination which determines the question. See Columbia Broadcasting System v. United States, 316 U.S. 407, 62 S.Ct. 1194, 86 L.Ed. 1563; Chevrolet Division, General Motors Corp. v. Industrial Commission, 31 Wis.2d 481, 143 N.W.2d 532. The effect of appellee's decision here is the same whether it is called a "rejection" or an "order." Certainly, it was not intended that the right to appeal turn on what the decision was called.

Section 48–22–34, supra, provides for an appeal by "[a]ny person aggrieved and directly affected by an order of the commissioner * * *." Appellee's rejection of appellants' application was an order, and appellants were aggrieved and directly affected by it, since the rejection precluded appellants from filing articles of incorporation with the corporation commission and obtaining the certificate of authority under § 48–22–49(A), N.M.S.A., 1953 Comp., which certificate is required before a proposed state bank may perform any act other than perfect its organization. Section 48–22–49(C), N.M.S.A., 1953 Comp. See Federal Power Commission v. Pacific Power & Light Co., supra.

Several issues regarding appellants' various allegations were argued in the briefs; however, in view of our determination as set out above, we need not consider these other matters.

The cause is reversed and remanded to the district court with direction to proceed in a manner consistent with this opinion.

It is so ordered.

NOBLE, MOISE and CARMODY, JJ., and WOOD, J. Ct. App., concur.