Arthur N. VOTOLATO, Jr., United States Bankruptcy Judge for the District of Rhode Island

v.

Roland G. FREEMAN, III, in his capacity as Administrator of the General Services Administration; Lawrence F. Bretta, in his capacity as Regional Administrator, Region 1, General Services Administration.

Civ. No. 80–394–D.

United States District Court, D. New Hampshire.

Jan. 20, 1981.

Guy J. Wells, Providence, R. I., for plaintiff.

Paul F. Murray, U. S. Atty., Providence, R. I., Jonathan Ginsburg, Dept. of Justice, Washington, D. C., Robert T. Kennedy, U. S. Atty., Concord, N. H., for defendants.

## ORDER

DEVINE, Chief Judge.

Tenants who are irate with their landlords do litigate even (or more particularly) where, as here, that landlord is the Government of the United States. The thrust of the instant litigation is that the Government landlord, General Services Administration (GSA), is mandatorily required to afford a United States bankruptcy judge a certain amount of space for the performance of his official duties and should it fail to do so the district court has authority to so order. Relief sought is pursuant to 28 U.S.C. §§ 1331, 1361, 1651, 2201, 2202; 5 U.S.C. § 702; and Article III, Section 1, of the United States Constitution. The matter is before the Court on defendants' motion to dismiss the plaintiff's complaint for lack of jurisdiction. Rule 12(b), Federal Rules of Civil Procedure.[1] The Court has heard oral argument and has reviewed the legal memos and pleadings on file.

---

1. By motion filed in this court on November 28, 1980, plaintiff moved to amend his complaint by adding as bases of jurisdiction 28 U.S.C. § 1331 and 5 U.S.C. § 702. Plaintiff quite correctly pointed out at the time of such filing that defendants' motion to dismiss did not constitute a responsive pleading and he was therefore entitled to amend without leave of this Court. Rule 15, Federal Rules of Civil Procedure; *Bell v. United States Department of Defense*, 71 F.R.D. 349, 352–53 (D.N.H.1976). The disposition of the instant matter is therefore on the basis of the complaint as so amended.

768

Article IV, Section 3, of the United States Constitution grants Congress the power to regulate property owned by the United States,[2] including property to be used for judicial proceedings. *Rivera v. Lawton*, 35 F.2d 823 (1st Cir. 1929). And it is well established that Congress may, as it has here, delegate this power to GSA. *See United States v. Cassiagnol*, 420 F.2d 868, 875–77 (4th Cir.), *cert. denied*, 397 U.S. 1044, 90 S.Ct. 1364, 25 L.Ed.2d 654 (1970).

Title 40, United States Code, Section 285, provides in pertinent part

> All courthouses ... are expressly declared to be under the exclusive jurisdiction and control and in the custody of the Administrator of General Services, who shall have full power to take possession of and assign and reassign rooms therein to such Federal officials, clerks, and employees as *in his judgment and discretion* should be furnished with offices or rooms therein. (Emphasis added.)

In addition to the substantive changes to the bankruptcy law codified in Title 11, United States Code, Title II of the Bankruptcy Reform Act of 1978, P.L. 95–598, made certain amendments to Title 28, including the insertion therein of a new Chapter 6, which in pertinent part, 28 U.S.C. § 158, provided for the accommodations at places for holding of the bankruptcy court.[3] As outlined in said pertinent

statute, the Chief Judge of the Circuit, by letter of July 9, 1979, to the Chief of the Space and Facilities Branch of the Administrative Office of the United States Courts approved as necessary the acquisition of certain amounts of space for use by the bankruptcy courts. (Exhibit D, attached to Plaintiff's Complaint.) It is of interest, however, that therein the Chief Judge pointed out that this approval was based on the understanding of the Judicial Council of the Circuit that "the *revised space guidelines* have been followed in producing the estimates of additional needed space". *Id.* (emphasis added). This letter together with the description of such guidelines (Exhibit A to Plaintiff's Complaint) make clear to the Court that plaintiff's insistence that such guidelines constitute standards which are mandatory as to the amount of space to be allocated to bankruptcy judges is without legal merit.[4] Additionally, careful review of the duly enacted regulations which apply to the administration of courthouses by GSA (41 C.F.R. Part 101–17, 101–20) demonstrate that no mandatory duty is imposed upon GSA to provide any member of the bankruptcy court with a certain fixed amount of space in any given government building.

While the remedy of mandamus, 28 U.S.C. § 1361,[5] has decided utility in

---

2. Article IV, Section 3, Clause 2, of the Constitution provides in pertinent part
   > The Congress shall have power to dispose of and make all needful Rules and Regulations respecting the ... Property belonging to the United States ....

3. As thus amended, the new 28 U.S.C. § 158 provides:
   > Court shall be held only at places where Federal quarters and accommodations are available, or suitable quarters and accommodations are furnished without cost to the United States. The foregoing restrictions shall not, however, preclude the Administrator of General Services, at the request of the Director of the Administrative Office of the United States Courts, from providing such court quarters and accommodations as the Administrator determines can appropriately be made available at places where court is authorized by law to be held, but only if such court quarters and accommodations have

been approved as necessary by the judicial council of the appropriate circuit.

4. *E. g.*, page 2 of said Exhibit A states in pertinent part:
   > The new space standards are actually guidelines which may vary on application for a variety of reasons (*e. g.*, building characteristics or configuration). Accordingly, existing facilities within a reasonable range of those indicated in the attachment should be considered as meeting such standards. For example, if your existing bankruptcy courtroom is 1000 square feet, this is considered to be substantial compliance with the standard of 1120 square feet.

5. 28 U.S.C. § 1361 provides
   > The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

cases involving individual human entitlements, such as Social Security, *Caswell v. Califano*, 583 F.2d 9 (1st Cir. 1978), it is clear that it is not available as a remedy under the circumstances outlined in the pleadings herein. The elements necessary for the proper issuance of mandamus include (1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and preemptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available. *Cervoni v. Secretary of Health, Education and Welfare*, 581 F.2d 1010, 1019 (1st Cir. 1978). Only when the duty is clear and unmistakable is the extraordinary remedy of mandamus appropriate. *Falzarano v. United States*, 607 F.2d 506, 513 (1st Cir. 1979); *see also, Davis Associates, Inc. v. Secretary, Department of Housing and Urban Development*, 498 F.2d 385 (1st Cir. 1974). As both the applicable statute, 40 U.S.C. § 285, *supra*, and the regulations thereunder promulgated (41 C.F.R. Parts 101-17, 101-20) make clear that GSA is granted discretion in the allocation of space to federal agencies, mandamus cannot here issue.

Although couched in the language of declaratory relief, it is clear that plaintiff asks this court to order GSA to expend funds which have been committed to its discretion. It is well established that the determination of whether an action is in reality one against the Government rests not upon the identity of the named parties defendant but upon the question of who is required to make payment if funds are to be involved. *Stafford v. Briggs*, 444 U.S. 527, 542, n. 10, 100 S.Ct. 774, 784, n. 10, 63 L.Ed.2d 1 (1980). 28 U.S.C. § 1331 as here pertinent provides that jurisdiction lies, without regard to the amount in controversy, in an action against the United States, or its agencies, or any of its officers or employees in their official capacity, arising under the Constitution, laws, or treaties of the United States. This jurisdictional grant includes review of federal agency actions. *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). However, suit against an officer in his official capacity is treated as a suit against the United States itself, and is accordingly limited by the doctrine of sovereign immunity. *See Hawaii v. Gordon*, 373 U.S. 57, 83 S.Ct. 1052, 10 L.Ed.2d 191 (1963); *Dugan v. Rank*, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963); *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949). In this regard, it is firmly established that the sovereign is "immune from suit save as it consents to be sued", *United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941), and that such consent must be clearly stated, *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1352, 63 L.Ed.2d 607 (1980); *United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969).

As the Administrative Procedure Act (APA), 5 U.S.C. § 701, *et seq.*, does not in itself constitute a grant of subject matter jurisdiction to review agency action, *Califano v. Sanders, supra*, 430 U.S. at 107, 97 S.Ct. at 985, and as the attention of the Court has been directed to no other authority justifying its assertion of sufficient jurisdiction to order GSA to expend funds to afford plaintiff the space to which he believes himself entitled, it is clear that 28 U.S.C. § 1331 affords no basis for the exercise herein of jurisdiction.[6]

Nor does the "All Writs" Act, 28 U.S.C. § 1651 add to the court's jurisdiction.

---

**6.** 40 U.S.C. § 754, fairly read, grants the General Services Administrator wide discretion in the handling of funds. It provides:

The Administrator is hereby authorized, in his discretion, in order to provide for the effective accomplishment of the functions transferred to or vested in him by this Act, and from time to time, to regroup, transfer, and distribute any such functions within the General Services Administration. The Administrator is hereby authorized to transfer the funds necessary to accomplish said func-

tions and report such transfers of funds to the Office of Management and Budget.

Similarly, the 1972 Public Buildings Amendments to the Federal Property and Administrative Services Act of 1949, currently codified at 40 U.S.C. § 471, *et seq.*, are intended to provide the Government with an economical and efficient system for the procurement, utilization, and disposal of property which appears to lie well within the discretion of the agency. *Committee for Auto Responsibility v. Solomon*, 603 F.2d 992 (D.C. Cir. 1979), *cert. denied sub*

That statute provides only for the power of a federal court to issue writs once its jurisdiction has been established, and it does not of itself confer jurisdiction. *Honicker v. Hendrie*, 465 F.Supp. 414, 419, n. 4 (D.Tenn. 1979) (and cases therein cited). Similarly, it is well established that the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, furnishes no independent basis of jurisdiction where such jurisdiction is otherwise lacking. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72, 70 S.Ct. 876, 878–79, 94 L.Ed. 1194 (1950). And absent a determination by Congress as to its expansion of jurisdiction, this court is granted no additional jurisdictional powers by Article III of the Constitution. *Palmore v. United States*, 411 U.S. 389, 400–01, 93 S.Ct. 1670, 1677–78, 36 L.Ed.2d 342 (1973); *State of New Hampshire v. National Broadcasting Co.*, 222 F.Supp. 915, 917 (D.N.H.), *aff'd per curiam*, 324 F.2d 506 (1st Cir. 1963).

In short, while the Court is not unsympathetic to plaintiff's complaint, it appears that Congress has made clear that GSA is to be afforded wide discretion in its allocation of space for federal agencies.[7] When as here alleged negotiation among the involved Judicial Branch, its Administrative Office, and GSA has failed to bring about the relief sought, it would appear that the party or parties aggrieved might well turn to their Congressional representatives who mandated the establishment of their courts with the concomitant requirement of space allocation.[8] For the reasons hereinabove outlined, the defendants' motion to dismiss must be and it herewith is granted.

SO ORDERED.

---

*nom., Committee for Auto Responsibility v. Freeman*, 445 U.S. 915, 100 S.Ct. 1274, 63 L.Ed.2d 599 (1980).

**7.** Not to be overlooked is the exception contained in the requirement of administrative rulemaking, 5 U.S.C. § 553(a)(2), for "a matter relating to ... public property".

---

**8.** In reaching its conclusions herein, the Court has not considered any of the affidavits filed by the defendants as of the date of hearing, not wishing to treat this matter as a motion for summary judgment pursuant to the requirements of Rule 12(b)(6), and as such affidavits were not served at least 10 days before the time fixed for the hearing as required by Rule 56(c), Federal Rules of Civil Procedure.